## N. GRIEF *v.* A. MAKS, ETC.

**Pleadings—Amendments—Lost Pleading.**
   The amended petition filed January 4, 1869, was still pending when
   the defendant offered to file his answer thereto and cross-petition,
   and as the matter of the lost pleading was such, if true, as to au-
   thorize the relief it sought, as a cross-petition as well as to consti-
   tute a defense to the plaintiff's claim to further relief than had
   already been adjudged. The court should have allowed the an-
   swer to be filed, although the plaintiff had dismissed his amended
   petition.

APPEAL FROM McCRACKEN CIRCUIT COURT.

January 11, 1871.

OPINION BY JUDGE HARDIN:

The amended petition filed January 4, 1869, was still pending
on the 20th of January, 1870, when the defendant, N. Grief, of-
fered to file his answer thereto and cross-petition, and as the
matter of the lost pleading, was such, if true, as to authorize
the relief it sought, as a cross-petition as well as to constitute
a defense to the plaintiff's claim to further relief than had already
been adjudged. The court should have allowed the answer to
be filed; and although before the action of the court in refusing
to allow the answer to be filed the plaintiff dismissed the
amended petition, yet as the action was still pending for some
purposes, and further proceedings were required to complete
the relief sought by the plaintiff, it would have been proper to
permit the filing of the paper offered and rejected as a sup-
plemental answer and cross-petition for vacating the judgment
and sale to King and subsequent proceedings asked to be set
aside on the ground and for the reasons disclosed, and the court
erred in refusing to let it be filed. The clerk, who has failed to
copy the amended petition, states that it is not on file, but does
not explain why it is not, but it may be proper on the return
of the case to require is production, on the motion of either
party, if possible, or an explanation of its absence. This would
seem to be due to the parties as well as to the clerk.

Therefore the judgment is reversed and the cause remanded
with instructions to permit the answer and cross-petition to

be filed, and for further proceedings not inconsistent with this opinion.

*Yeiser, for appellant.*

· *Bramlette, for appellee.*